UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED IN OPEN COURT
2.16.17
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

v.                                CASE NO. 3:17-cr-27-J-20MCR
                                  21 U.S.C. § 846
STEPHEN MICHAEL MANNING           21 U.S.C. §§ 841(a)(1) and
    a/k/a "Casper,"               841(b)(1)(A) and 18 U.S.C. § 2
JESSE RAY ADAWAY                  18 U.S.C. § 922(g)(1)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

From in or about February 2016 and continuing through on or about October 29, 2016, in the Middle District of Florida, and elsewhere, the defendant,

STEPHEN MICHAEL MANNING,
a/k/a "Casper,"
and
JESSE RAY ADAWAY,

did knowingly, willfully, and intentionally conspire with other persons, both known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance, which violation involved 500 grams or more of a

mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(A).

It was part of the conspiracy that the conspirators would perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of 21 U.S.C. § 846.

## COUNT TWO

On or about October 29, 2016, in the Middle District of Florida, and elsewhere, the defendants,

> STEPHEN MICHAEL MANNING,
> a/k/a "Casper,"
> and
> JESSE RAY ADAWAY,

did knowingly and intentionally possess with intent to distribute, and aid and abet the possession with intent to distribute, a controlled substance, which violation involved 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance and is therefore punished under 21 U.S.C. § 841(b)(1)(A).

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2.

## COUNT THREE

On or about October 29, 2016, in the Middle District of Florida,

JESSE RAY ADAWAY,

having been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. Aggravated battery, on or about March 11, 2011,
2. Aggravated assault, on or about March 11, 2011,
3. False imprisonment, on or about March 11, 2011,
4. Armed burglary, on or about April 11, 2012,

did knowingly possess, in and affecting interstate and foreign commerce, a firearm and ammunition, that is, a Glock firearm and Winchester ammunition.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## **FORFEITURE**

1. The allegations contained in Counts One through Three are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853; 18 U.S.C. § 924(d); and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 21 U.S.C. §§ 846 or 841(a)(1), the defendants,

> STEPHEN MICHAEL MANNING,
> a/k/a "Casper,"
> and
> JESSE RAY ADAWAY,

shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. Upon conviction of a violation of 18 U.S.C. § 922(g), the defendant,

> JESSE RAY ADAWAY,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

4. The property to be forfeited includes, but is not limited to, two Glock firearms and ammunition.

5.  If any of the property described above, as a result of any acts or omissions of the defendants:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), and pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
    KELLY S. KARASE
    Assistant United States Attorney

By: _____
    FRANK TALBOT
    Assistant United States Attorney
    Acting Chief, Jacksonville Division

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

STEPHEN MICHAEL MANNING,
a/k/a "Casper."
JESSE RAY ADAWAY

## INDICTMENT

Violations:   Ct. 1   21 U.S.C. § 846
              Ct. 2   21 U.S.C. §§ 841(a)(1) and
                      841(b)(1)(A) and 18 U.S.C. § 2
              Ct. 3   18 U.S.C. §§ 922(g)(1) and 924(a)(2)

A true bill,

_____
Foreperson

Filed in open court this 16th day

of February, 2017.

_____
Clerk

Bail $_____